**PATLEX CORPORATION and Gordon Gould, Plaintiffs,**

v.

**Donald J. QUIGG, Commissioner of Patents and Trademarks, and the United States Patent and Trademark Office, Defendants.**

Civ. A. No. 86–3294.

United States District Court, District of Columbia.

Feb. 23, 1988.

R.V. Lupo and Jack Q. Lever, Lupo, Lipman & Lever, P.C., Washington, D.C., and Roy H. Wepner, Lerner, David, Littenberg, Krumholz & Mentlik, Westfield, N.J., for plaintiffs.

Fred E. McKelvey, Joseph F. Nakamura and Charles A. Wendel, Arlington, Va., for defendants.

## AMENDED MEMORANDUM
## OPINION AND ORDER

REVERCOMB, District Judge.

Plaintiffs Gordon Gould and Patlex Corporation seek review of a decision of the Board of Patent Appeals and Interferences (the "Board") upholding an examiner's rejection on reexamination of all three claims of United States Patent No. 4,161,436 (the "'436 patent"). The patent claims a method of energizing a material by utilizing a light amplifying apparatus. Three issues are before the Court on motions for summary judgment. They are:

(1) Whether this Court has jurisdiction to review a determination by the Commissioner of Patents and Trademarks (the "Commissioner") under 35 U.S.C. sec. 303(a) that a substantial new question of patentability exists and, if so, whether the determination of the existence of a substantial new question of patentability in this case was in error;

(2) Whether the Board erred in affirming on the merits a rejection of all claims of the '436 patent where:

(a) the specification of the application which matured into the '436 patent and the specifications of the "great-grandparent" application are essentially identical;

(b) a first examiner upon issuing the application which matured into the '436 patent found in his reasons of allowance that plaintiffs' "great-grandparent" application contains an enabling disclosure as of 1959 for the invention claimed in the '436 patent; and

(c) a second examiner conducting the reexamination, in order to make a rejection under 35 U.S.C. sec. 102(b), based on a British patent issued between the filing date of the "great-grandparent" application and the application which matured into the '436 patent, held contrary to the first examiner that the specification of the "great-grandparent" application did not contain an enabling disclosure for the invention claimed in the '436 patent; and

(3) Whether the Board's rejection of the claims was improperly based on collateral estoppel.

Because the Court concludes that the Board and the examiner exceeded their authority by considering in this particular case whether the "great-grandparent" application contained an enabling disclosure, the Court does not reach the collateral estoppel issue.

Plaintiffs are co-owners of the '436 patent, which the Patent and Trademark Office ("PTO") issued to Gould on July 17, 1979 based on his application dated October 6, 1977. That application claimed benefit under 35 U.S.C. sec. 120 of the filing date of U.S. Patent Application Serial No. 840,-

540, filed April 6, 1959. On September 29, 1982, a third party filed a request for reexamination of the '436 patent pursuant to 35 U.S.C. sec. 302, citing numerous patents and printed publications. On December 8, 1982, an examiner ordered reexamination on the ground that there existed five substantial new questions of patentability.[1] On April 22, 1983, the examiner entered a rejection of the claims of the '436 patent on the ground, *inter alia,* that the patent was anticipated by Gould's British Patent No. 953,725, issued in 1964. The examiner held that plaintiffs were not entitled to the benefit of the filing date of the 1959 application because that application did not contain an enabling disclosure. After final rejection of the claims of the patent, plaintiffs appealed to the Board. On September 26, 1986, the Board entered a decision affirming the examiner's rejection of claims 1–3 over British Patent 953,721,[2] but reversing all remaining rejections.

Under 35 U.S.C. section 301, any person may cite to the PTO prior art, consisting of patents and printed publications, that may affect the patentability of any claim of a patent. 35 U.S.C. section 302 authorizes any person to request reexamination of a patent based on that "prior art." Within three months of receiving such a request, the Commissioner then determines whether the prior art raises a "substantial new question of patentability." *Id.* sec. 303(a). If the Commissioner determines that it does, he must order reexamination of the patent. *Id.* sec. 304. If he determines that the cited prior art raises no substantial new question of patentability, he denies the request for reexamination. The "determination ... that no substantial new question of patentability has·been raised will be final and nonappealable." *Id.* sec. 303(c). The

statute contains no provision for appeal or review of a determination that a substantial new question has been raised.

▮ Plaintiffs allege that the Commissioner's determination of a substantial new question of patentability was in error. The Commissioner contends that, whether erroneous or not, his determination is a matter committed entirely to his discretion and thus not subject to judicial review. The Court agrees. The Administrative Procedure Act provides for judicial review of agency action unless such action is "committed to agency discretion by law." 5 U.S.C. sec. 701(a)(2). Although this discretionary function exception is a narrow one, it applies whenever "congressional intent to preclude judicial review is fairly discernible in the detail of the legislative scheme." *Block v. Community Nutrition Institute,* 467 U.S. 340, 351, 104 S.Ct. 2450, 2456, 81 L.Ed.2d 270 (1984). Such intent is fairly discernible here. The Commissioner's threshold determination merely triggers the reexamination proceeding; it does not affect the validity of the patent. As to the larger question of whether the cited patents and printed publications render the claims of the challenged patent unpatentable on the merits, the statute confers a right of appeal and court review. 35 U.S.C. sec. 306.

It is immediately apparent that a patent owner will ultimately prevail on the merits in all cases in which the Commissioner determines a substantial new question of patentability exists, but erroneously rejects claims on the merits. It is also clear that the patent owner could not avoid reexamination by seeking immediate judicial review, because at this stage there is no final agency action. *See* 5 U.S.C. sec. 704. The

---

1. Two days later, plaintiffs filed a civil action challenging the constitutionality of the reexamination statute and regulations. *Patlex Corp v. Mossinghoff,* 585 F.Supp. 713 (E.D.Pa.1983), *aff'd in part and vacated in part,* 758 F.2d 594 (Fed.Cir.1985) *on reh'g in part,* 771 F.2d 480 (Fed.Cir.1985). The Federal Circuit ultimately held that (1) the reexamination statute is constitutional, 758 F.2d at 599–606, (2) there is no presumption of validity of a patent in reexamination proceedings, 758 F.2d at 605, (3) PTO practice which does not permit a patent owner

to oppose a request for reexamination prior to the decision to order reexamination is constitutional, 758 F.2d at 607, and (4) PTO practice resolving doubt in favor of ordering reexamination was void, 771 F.2d at 486–87.

2. The Board on May 29, 1987, *sua sponte* issued an amendment redesignating the number of the British Patent relied upon as prior art as No. 953,725. The Commissioner explains that the discrepancy was due to a typographical error.

Court consequently concludes that the legislative scheme leaves the Commissioner's section 303 determination entirely to his discretion and not subject to judicial review. Accordingly, the Commissioner's Motion for Partial Summary Judgment on Issue B is GRANTED.

The parties have filed cross motions for summary judgment on the issue of whether the Commissioner has jurisdiction, once re-examination has been ordered, to consider on the merits whether a "great-grandparent" application that contains the same specification as its "great-grandchild" complies with the requirement of 35 U.S.C. sec. 112 that the specification contain an enabling disclosure where the first examiner, at the time the "great-grandchild" was issued, had found that the "great-grandparent" contained an enabling disclosure. Plaintiffs contend that the Commissioner has no such jurisdiction on reexamination. The Commissioner argues that he does have such authority whenever the patentee claims the benefit of the earlier filing date of a previous application.

The relevant background of the '436 patent is as follows. Gould filed U.S. Patent Application Serial No. 804,540 on April 6, 1959. That "great-grandparent" application contained numerous claims, including claims directed essentially to the invention for which the '436 patent ultimately issued. In 1967 Gould filed a divisional application which included, *inter alia*, the '436 claims. In 1974, Gould filed an application (great "grand-child" application) with claims identical to the 1967 application (a so-called "continuation application"). Finally, in 1977, Gould filed a divisional application of the 1974 application which contained the '436 claims. Based on this 1977 application, Gould was finally granted the '436 patent in 1979.

Under 35 U.S.C. section 120, an applicant may claim the benefit of the filing date of the applicant's earlier application if the earlier application contains, *inter alia*, an enabling disclosure as provided in section 112. An enabling disclosure is a full, clear and concise description of the invention so as to enable any person skilled in the relevant art to make and use it. In all his later applications, Gould made reference to and claimed the benefit of the filing date of the 1959 application. *See* Specification, Commissioner's Exhibit 1 at page 0001. In allowing the claims, the first examiner made the handwritten notation that "[u]ndue breadth has been considered as well as sufficiency of the disclosure (note 'Reasons for Allowance' attached for co-pending case of applicants)." Office Action of November 21, 1978, Commissioner's Exhibit 1 at page 0140. The "Reasons for Allowance" incorporated by reference relate to laser amplifiers and conclude that Gould's 1959 specification for laser amplifiers met the enablement requirement. The Court therefore finds that the examiner in the original examination determined enablement as of 1959.

The reexamination statute limits the scope of the reexamination to patents and printed publications. 35 U.S.C. secs. 301–302. Consequently, the Commissioner may not on reexamination consider whether the specification of a patent being reexamined contains an enabling disclosure for the issued patent claims. As stated in 37 C.F.R. sec. 1.552(a), "patent claims will be reexamined on the basis of patents or printed publications." Other questions "will not be resolved in a reexamination proceeding." *Id.* sec. 1.552(c). Moreover, section 2258 of the PTO's Manual of Patent Examining Procedure captioned "Scope of Reexamination," provides:

> New or amended claims are to be examined for compliance with 35 U.S.C. sec. 112 and ... consideration of 35 U.S.C. sec. 112 issues should be limited to the amendatory (i.e., new language) matter. For example, a claim which is amended or a new claim which is presented containing a limitation not found in the original patent claim should be considered for compliance under 35 U.S.C. sec. 112 only with respect to that limitation. To go further would be inconsistent with the statute to the extent that 35 U.S.C. sec. 112 issues would be raised as to matter in the original patent.

In this case, the 1977 patent application contained no matter that was new or

</>

amendatory to that contained in the 1959 application.

■ The Commissioner contends that because plaintiffs seek to obtain the benefit of the earlier filing date by reference to 35 U.S.C. section 120, and because section 120 incorporates the enablement paragraph of section 112, the examiner and the Board were justified on reexamination in ascertaining whether the original disclosure was enabling. The Commissioner argues that this determination is proper because plaintiffs rely on section 120 to obtain the benefit of the 1959 date in order to remove the British patent as prior art. However, entitlement to the 1959 filing date was decided in the 1977–1979 examination. Plaintiffs contended then that they were entitled to the 1959 filing date, and the first examiner considered then whether the 1959 disclosure was enabling. Consequently, in order to reexamine the '436 patent on the basis of whether the claims were anticipated by the British patent, the reexamination examiner had to "reexamine" the question of whether the specification of the "great-grandparent" application contained an enabling disclosure of the subject matter claimed in the '436 patent. As noted above, however, the reexamination statute does not contemplate a "reexamination" of the sufficiency of a disclosure. Rather, it is limited to reexamination of patentability based on prior art patents and publications. Hence, the Court concludes that the examiner and the Board lacked jurisdiction in this case to "reexamine" the sufficiency of the specification of the "great-grandparent" application.

Because the examiner and the Board lacked statutory authority to scrutinize the 1959 application's enabling disclosure on the facts of this case, the Board erred in sustaining the rejection of the '436 claims on the ground that they were anticipated by Gould's 1964 British Patent. Accordingly, plaintiffs' Motion for Summary Judgment Based on Lack of Jurisdiction is GRANTED, and the Commissioner's Motion for Partial Summary Judgment (Issue A) is DENIED. Having reached this conclusion, the Court finds it unnecessary to consider plaintiffs' Motion for Summary

Judgment based on their argument that the Board improperly applied collateral estoppel in reviewing the examiner's decision. The Court wishes to make clear that it is not deciding whether the Commissioner has jurisdiction in a reexamination to inquire into the sufficiency of the specification of a "parent" application where the sufficiency of the "parent" application *vis-a-vis* the claims of the patent being reexamined was *not* previously determined by the PTO or a court. Resolution of this issue should await a future case. The Commissioner is authorized to issue a certificate of patentability as provided in 35 U.S.C. section 307, confirming that Claims 1–3 of U.S. Patent No. 4,161,436 are determined to be patentable.

SO ORDERED.

### AMENDED JUDGMENT

Upon consideration of the Commissioner's motion under Rule 59 and plaintiffs' response thereto and in accordance with the Amended Memorandum and Opinion entered this 23rd day of February, 1988:

(1) the Memorandum Opinion and Order and Judgment Order entered December 14, 1987, are VACATED and

(2) judgment is hereby entered for the plaintiff.